```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


EUGENE CONNORS,                  §
                                 §
     Plaintiff,                  §
                                 §
v.                               §   CIVIL ACTION NO. H-10-4323
                                 §
COLLEGE OF THE MAINLAND, DON     §
CRISS, MICHAEL ELAM, RALPH       §
HOLM, ANNETTE JENKINS, ROSALIE   §
KETTLER, BENNIE MATTHEWS,        §
CLEMON PREVOST, BILL SPILLAR,    §
NICK STEPCHINSKI, JAMES          §
TEMPLER, and LISA TEMPLER,       §
                                 §
     Defendants.                 §
```

MEMORANDUM AND ORDER

Pending is Defendants' 12(b)(6) Motion to Dismiss for Failure to State a Claim and, in the Alternative, Motion for Rule 7(a) Reply (Document No. 13).  After having carefully considered the motion, response, reply, and the applicable law, the Court concludes as follows.

I. Background

Plaintiff Eugene Connors worked in the Human Resource Department of Defendant College of the Mainland (the "College") pursuant to an annual renewable contract until May 2009, when he received a Notice of Nonrenewal of his current year's employment

contract, which terminated August 31, 2009.[1] Although the notice stated no reason for the nonrenewal, Plaintiff alleges that his employment ended for two reasons: (1) because, under subpoena, he gave testimony unfavorable toward the College; and (2) because he "refused to follow Defendants' intent to discriminate when hiring and setting personnel wages."[2]

Plaintiff gave the unfavorable testimony under subpoena in July 2008 in the College's suit against the Center for the Advancement of Process Technology ("CAPT"), wherein the College asserted ownership rights in certain copyrights.[3] According to Plaintiff's testimony, the College's president had mentioned to Plaintiff in a private conversation that he "had given the copyrights away to CAPT."[4] During a November 2008 employment evaluation of Plaintiff, Defendant Lisa Templer, Vice President of the College and Financial Services, expressed the College's disapproval of the testimony.[5] Plaintiff therefore contends that the May 28, 2009 nonrenewal of his employment contract was in retaliation for his unfavorable testimony, and accordingly asserts a claim against the College under 42 U.S.C. § 1983 for violation of

---

[1] Document No. 1 at 4-5 (Orig. Cmplt.).

[2] Id. at 5.

[3] Id.

[4] Id.

[5] Id. at 4, 6.

his First Amendment rights, and also against Defendants Don Criss, Michael Elam, Ralph Holm, Annette Jenkins, Rosalie Kettler, Bennie Matthews, Clemon Prevost, Bill Spillar, Nick Stepchinski, James Templer, and Lisa Templer (the "Individual Defendants"). James and Lisa Templer are vice presidents of the College, and the other Individual Defendants are members of the College's board of trustees.[6]

Plaintiff further asserts that his nonrenewal was based upon his refusal to follow instructions, such as those from Defendant Matthews, to hire African American applicants instead of non-African American applicants with better qualifications, and his refusal to offer higher wages to African American applicants.[7] He accordingly asserts a Title VII retaliation claim against the College for terminating his employment due to his opposition to an unlawful employment practice.[8] *See* 42 U.S.C. §§ 2000e-2(a), 2000e-3(a).

Plaintiff asserts several other legal claims--such as breach of contract, tortious interference with an existing contract, and fraudulent misrepresentation--arising out of the same facts, and Defendant has moved to dismiss several of those claims in addition to the section 1983 claims against the Individual Defendants in

---

[6] Id. at 2-4.

[7] Id. at 7.

[8] Id.

3

both their individual and official capacities. In response, Plaintiff significantly narrowed the asserted causes of action,[9] leaving for determination only: (1) whether the Individual Defendants are entitled to qualified immunity to Plaintiff's section 1983 claims or, alternatively, entitled to a Rule 7(a) reply from Plaintiff,[10] and (2) whether Plaintiff adequately states a claim for tortious interference with a contract against the Individual Defendants. Not at issue in this motion are Plaintiff's Title VII and breach of contract claims against the College, and Plaintiff's non-section 1983 claims ("fraudulent misrepresentation" and "promissory estoppel/detrimental reliance") against the Individual Defendants.

## II.  Legal Standards

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a

---

[9] Plaintiff withdrew: his tort claims against the College; his claims against the individual defendants in their official capacities; his 42 U.S.C. § 1985 claim; his intentional infliction of emotional distress claims; and his claim for punitive damages against the College. *See* Document No. 15 at 4, 6, 8. Accordingly, Defendants' motion to dismiss will be granted in part with respect to those claims, which are DISMISSED without prejudice.

[10] Resolution of this issue will necessarily determine Defendants' contention that the Individual Defendants are not liable for punitive damages, *see* Document No. 13 at 19, as they base this position solely upon the application of qualified immunity to the section 1983 claims. Document No. 16 at 5-6.

complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974).  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

III. <u>Discussion</u>

A. <u>Qualified Immunity</u>

Government officials who perform "discretionary functions" are entitled to the defense of qualified immunity from suits in their individual capacity. <u>Harlow v. Fitzgerald</u>, 102 S. Ct. 2727, 2738 (1982). The doctrine of qualified immunity protects government officials sued pursuant to § 1983 "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 815 (2009) (quoting <u>Harlow</u>, 102 S. Ct. at 2738). Once a defendant sued in his individual capacity asserts the defense of qualified immunity, the court must be "guided both by the ordinary pleading standard and by a heightened one." <u>Floyd v. City of Kenner, La.</u>, 351 F. App'x 890, 893 (5th Cir. 2009) (unpublished op.) (citing <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc)). That is, although the plaintiff may comply with ordinary pleading standards in his initial complaint, and need not anticipate a qualified immunity defense, "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail" pursuant to Federal Rule of Civil Procedure 7(a). <u>Schultea</u>, 47 F.3d at 1433; *see also* <u>Wilson v. Barcella</u>, No.

H-05-3646, 2007 WL 963977, at *10-11 (S.D. Tex. Mar. 29, 2007) (Rosenthal, J.).  The "district court's discretion not to do so is narrow indeed when greater detail might assist." Schultea, 47 F.3d at 1434.

Plaintiff's complaint makes no allegation whatsoever with respect to *any* of the Individual Defendants other than Lisa Templer; instead, Plaintiff's position (explained only in his response to Defendants' motion) is that, merely by virtue of their respective offices, the Individual Defendants must have had something to do with the alleged determination to retaliate against him.[11]  This conclusory allegation, entirely devoid of any factual basis, fails to meet the pleading standard of Rule 8, let alone the heightened pleading required in the face of an assertion of qualified immunity.  *Cf.* Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999) ("Heightened pleading requires allegations of fact *focusing specifically* on the conduct of the individual who caused the plaintiff's injury." (emphasis added)).  Plaintiff makes no mention of which, if any, of the Individual Defendants made the employment determination, how the determination was made, or who was or was not consulted, and further makes no allegation that any of the Individual Defendants other than Lisa Templer even knew of

---

[11] *See* Document No. 15 at 9.  Indeed, Plaintiff gives no explanation as to whether or how Lisa Templer was involved in the actual decision to terminate his employment, only that her conduct indicated she had a motive to do so *had she been involved*.

Plaintiff's speech.  *Cf.*  Moreno v. Tex. A & M Univ.-Kingsville (Tamuk), No. C-03-500, 2006 WL 3030713, at *3 (S.D. Tex. Oct. 20, 2006) (Head, C.J.) ("In evaluating whether plaintiff's speech . . . precipitated the adverse employment action, the question becomes whether or not the defendants *knew of plaintiff's speech* . . . and what allegations exist regarding *each defendant's involvement in the adverse employment action*." (emphases added)).  In short, he pleads only facts that permit the reasonable inference that the Individual Defendants were in a position of authority.  Under the sparse facts alleged, however, being in a position of authority does not alone constitute acting in an objectively unreasonable manner in light of clearly established constitutional standards at the time the employment decision was made.  *See* Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (requiring a plaintiff, in order to rebut a defense of qualified immunity, to show "that he has alleged a violation of a clearly established constitutional right," and that "the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident" in order to rebut a defense of qualified immunity).

Accordingly, it is incumbent upon Plaintiff to state his allegations in greater detail in order that Defendants' assertion of qualified immunity may be evaluated.  The Court will therefore grant Defendants' alternative motion for a Rule 7(a) reply.  Defendants' alternative motion to dismiss the section 1983 claims,

8

and their related request to dismiss Plaintiff's punitive damages claims, will therefore be denied without prejudice to their being reasserted after Plaintiff shall have had opportunity to file a Rule 7(a) reply.

B.   Tortious Interference with Contract

Defendants assert that the Individual Defendants cannot be held liable for Plaintiff's tortious interference claim because a party to a contract cannot interfere with its own contract, and, as agents of the College, any of the Individual Defendants' actions respecting Plaintiff's employment contract would be deemed the College's acts.  "[W]hen the defendant serves the dual roles of the corporate agent and the third party who allegedly induces the corporation's breach," in order "[t]o establish a prima facie case" of tortious interference with a contract, the "alleged act of interference must be performed in furtherance of the defendant's personal interests so as to preserve the logically necessary rule that a party cannot tortiously interfere with its own contract." Holloway v. Skinner, 898 S.W.2d 793, 796 (Tex. 1995).  That is, the plaintiff must "prove that the agent acted willfully and intentionally to serve the agent's personal interests at the corporation's expense," and an agent's "mixed motives--to benefit both himself and the corporation--are insufficient to establish liability."   Powell Indus., Inc. v. Allen, 985 S.W.2d 455, 457

(Tex. 1998); *see also* ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 432 (Tex. 1997) ("[T]he plaintiff must show that the officer acted in a manner so contrary to the corporation's best interests that his her or actions could only have been motivated by personal interest.").

Accordingly, Plaintiff's argument that he need only have alleged facts supporting the inference that the Individual Defendants' actions were "in bad faith" and not in the "best interests" of the College[12] is unavailing; instead, the relevant inquiry is whether he has alleged facts supporting that the Individual Defendants' actions were motivated *solely* by their own self interest, *and* that such self-interest was in opposition to the College's, irrespective of any bad faith with respect to Plaintiff. He has failed to do so. *See* Berry v. Lee, 428 F. Supp. 2d 546, 561 (N.D. Tex. 2006) (dismissing a tortious interference with contract claim for failure to allege that the defendant agents acted solely in their own interests and contrary to their corporation's). In fact, the complaint leads to the *opposite* inference--that any of the Individual Defendants that may have had a hand in terminating Plaintiff's employment did so because of testimony adverse to *the College*.

Nonetheless, the Court will permit Plaintiff an opportunity to amend his complaint in the event that he is able to allege facts

---

[12] *See* Document No. 15 at 7-8.

that support the inference that any of the Individual Defendants terminated his employment contract based only upon their own interests, which were opposed to the College's. *See* Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

## IV. Order

For the foregoing reasons, it is

ORDERED that Defendants' 12(b)(6) Motion to Dismiss for Failure to State a Claim and, in the Alternative, Motion for Rule 7(a) Reply (Document No. 13) is GRANTED IN PART with respect to Defendants' request for a Rule 7(a) reply, and Plaintiff Eugene Connors is hereby ORDERED, within fourteen (14) days of the entry of this Order, to file a reply pleading in accordance with Federal Rule of Civil Procedure 7(a) that particularly addresses the Individual Defendants' qualified immunity defense in accordance with the heightened pleading standard set out in Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) (en banc); and further, the motion is CONDITIONALLY GRANTED with respect to Plaintiff's Tortious

Interference with Contract claims against the Individual Defendants, and these claims shall be DISMISSED without further order of the Court unless Plaintiff, within fourteen (14) days, files a more definite statement in the form of an amended complaint (separate from his Rule 7(a) reply) alleging such claims with the specificity required by law.  Any such amended complaint shall not include any of the claims Plaintiff abandoned in his Response to Defendants' 12(b)(6) Motion (Document No. 15).

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 8th day of September, 2011.

---

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE